**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. JOSE JESUS RAMIREZ-HERNANDEZ, Defendant - Appellant. | No. 16-6234 (D.C. Nos. 5:16-CV-00675-C and 5:07-CR-00252-C-1) (W.D. Okla.) |

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Jose Jesus Ramirez-Hernandez, a federal prisoner appearing pro se,[1] seeks a certificate of appealability (COA) to challenge the denial of his 28 U.S.C. § 2255 habeas corpus motion. He also seeks leave to proceed *in forma pauperis* (*ifp*). Exercising jurisdiction under 28 U.S.C. § 1291, we grant *ifp* status, deny the COA, and dismiss his appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Ramirez-Hernandez appears pro se, we liberally construe his petition. *Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006).

## BACKGROUND

Ramirez-Hernandez pleaded guilty to conspiracy to possess and distribute methamphetamine, *see* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii), and possession of a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. §924(c). In his plea agreement, Ramirez-Hernandez acknowledged the 10-year mandatory-minimum sentence for the methamphetamine-conspiracy charge and the statutorily required 5-year consecutive sentence on the firearm charge. In addition, he agreed to forfeit cash proceeds and firearms to the United States. In April 2008, the district court sentenced Ramirez-Hernandez to the required 180 months of imprisonment.

In June 2016, Ramirez-Hernandez filed a motion requesting a reduction of sentence, relying on *Johnson v. United States*, 135 S. Ct. 2551. The district court noted that though the motion "could be construed as asserting a 28 U.S.C. § 2255 Motion . . . [the] pleading is not on the form required by" the local civil rules and "does not contain the information necessary for consideration as a § 2255 Motion." R. vol. 1 at 121. The district court gave Ramirez-Hernandez the opportunity to file a compliant motion.

Instead, Ramirez-Hernandez filed a motion for reconsideration, which the district court denied. On August 5, 2016, Ramirez-Hernandez filed a notice of appeal from the denial of the motion for reconsideration.

But on September 8, 2016, Ramirez-Hernandez filed a § 2255 motion on the correct form, asserting an ineffective-assistance-of-counsel claim. The district court

2

analyzed his filing as a § 2255 motion, and on September 14 it dismissed his claim as untimely.

On October 7, 2016, Ramirez-Hernandez filed his combined opening brief and application for a certificate of appealability in this case. On appeal, he argues that his trial counsel was ineffective, violating his Sixth Amendment rights, because counsel failed to inform him of his rights—leading to an invalid guilty plea—and failed to appeal the district court's judgment.[2] He requests that the court vacate his sentence and allow him to proceed to a jury trial.

## DISCUSSION

1.    Characterization of Claim

Though Ramirez-Hernandez appealed from the denial of the motion for reconsideration, the district court had not construed the underlying motion as asserting a § 2255 claim. So there is little for us to review. The order didn't conclude much of anything—it just gave Ramirez-Hernandez a second chance.

But his September filing was a proper § 2255 motion and the district court treated it as such. So we characterize his opening brief in this case as the functional equivalent of a notice of appeal from the September 14 judgment. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988) ("[A] court may nonetheless find that the litigant has complied with the [appeal requirements] if the litigant's action is the functional equivalent of what the rule requires."). And, bolstering that choice, his

_____

[2] In his plea agreement, Ramirez-Hernandez waived his right to appeal any component of his conviction.

3

appellate brief focuses on the same material (ineffective assistance of counsel) as his September § 2255 motion.

2.     Timeliness[3]

After clearing that initial hurdle, Ramirez-Hernandez runs into another. To appeal the district court's order denying relief under § 2255, Ramirez-Hernandez must first obtain a COA. We issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where, as here, the district court denies a § 2255 motion on procedural grounds, a petitioner must show that reasonable jurists would find it debatable that (1) his petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural rulings were incorrect. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). So we turn to whether the district court was correct that Ramirez-Hernandez's claim was time-barred.

Under 28 U.S.C. § 2255(f), Ramirez-Hernandez had one year to file his habeas petition. That period runs from the date on which the judgment of conviction becomes final. In April 2008, the district court sentenced Ramirez-Hernandez, and he didn't appeal the judgment. And Ramirez-Hernandez waited until August 2016 to file his § 2255 motion—well after the limitations period.

---

[3] Appellant's combined opening brief and application for a certificate of appealability doesn't address the § 2255 limitations period and instead lays out an ineffective-assistance-of-counsel claim. But liberally construing the pleadings, we address the dispositive limitations-period issue.

4

To overcome this statute-of-limitations bar, Ramirez-Hernandez must show (1) that facts supporting the claim became newly available, or (2) that he is entitled to equitable tolling. Neither applies.

Ramirez-Hernandez points to no new evidence that couldn't have been discovered through due diligence. In his § 2255 motion, he simply argues that he was unaware that any forfeiture was a component of his sentencing. But, as the district court noted, that forfeiture was part of his signed plea agreement.[4]

Nor does equitable tolling apply. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Ramirez-Hernandez's § 2255 motion and his appellate brief identify no exceptional circumstances—so equitable tolling isn't available.

Ramirez-Hernandez failed to file his motion within the one-year limitations period. Accordingly, no reasonable jurist could debate the district court's determination that Ramirez-Hernandez isn't entitled to equitable relief and that his § 2255 motion is therefore subject to dismissal.

---

[4] And, as the district court noted, the forfeiture has no connection to his ineffective-assistance claims anyway.

## CONCLUSION

For the reasons stated, we deny Ramirez-Hernandez a COA, grant his *ifp* request, and dismiss the appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge